IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

LISA WHITEWING,

                    Plaintiff,                              **8:20CV134**

          vs.

UNITED STATES OF AMERICA,                          **MEMORANDUM AND ORDER**

                    Defendant.
_____

UNITED STATES OF AMERICA,

                    Third-Party Plaintiff,
          vs.

 JOHN HORLEBEIN, DPM,

                    Third-Party Defendant.


          This matter is before the Court on the motion of third-party defendant John

Horlebein, DPM ("Dr. Horlebein"), to dismiss defendant/third party plaintiff United States

of America's ("United States" or "the Government") third-party complaint for lack of

jurisdiction or failure to state a claim, or, alternatively, for a judgment on the pleadings,

Filing No. 40.[1]  This is an action for negligence brought pursuant to the Federal Tort

Claims Act, 28 U.S.C. § 2671 *et seq.* ("FTCA").  Jurisdiction is premised on 28 U.S.C. §

1346(b)(1).[2]

_____

[1] Also pending is a motion to stay discovery, Filing No. 45.  That motion is rendered moot by this decision
and will be denied.

[2]  That statute provides that district courts

          have exclusive jurisdiction of civil actions on claims against the United States, for money
          damages . . . for injury or loss of property, or personal injury or death caused by the

I.     BACKGROUND

In her complaint, the plaintiff, Lisa Whitewing, alleges negligence by unnamed Government agents or representatives in connection with care provided to her in the podiatry clinic at the Omaha Winnebago Hospital between April 17, 2017 and June 2, 2017.  Filing No. 1, Complaint at 2-3.  She alleges that she contracted Hepatitis C from improperly sterilized tools.  *Id.* at 2.  Specifically, she alleges that unnamed agents and/or representatives of the United States were negligent in:  1) failing to properly train its staff of the proper procedures for sterilization of medical equipment; 2) failing to properly sterilize medical equipment, and 3) failing to timely identify, inform, and treat patients who had been exposed to unsterilized medical equipment.  Filing No. 1, Complaint at 3.  In answer to the plaintiff's complaint, the government admits that an instrument may have been improperly sterilized but denies that the plaintiff is entitled to relief and affirmatively states it cannot be held liable under the Federal Tort Claims Act for the actions of independent contractors.  Filing No. 7, Answer at 4-5.  The government also asserts the defenses of lack of subject matter jurisdiction and failure to state a claim.  *Id.* at 1.

Further, the government asserts a third-party claim for indemnity and contribution against Dr. John Horlebein, DPM, "with respect to any judgment that may ultimately be rendered against the United States on Ms. Whitewing's claim in the underlying action." Filing No. 21, Third-party Complaint at 2.  It alleges that any injuries Ms. Whitewing

---

negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C.A. § 1346 (b)(1).

2

allegedly suffered were caused wholly or in part by Dr. Horlebein's negligence and asserts it is entitled to contribute any amount attributable to him for her injuries.

Dr. Horlebein moves to dismiss the government's third-party complaint, arguing the Court lacks jurisdiction over its claim for contribution and/or indemnity because the United States has not waived its sovereign immunity for claims based on independent contractor's actions or omissions. Filing No. 40, Motion at 4-5. Dr. Horlebein argues that:

> In the present case, there is no question that the Plaintiff's Complaint was brought under the FTCA, that the U.S.A. has not waived its sovereign immunity, that Dr. Horlebein was an independent contractor and not a federal employee, and that the U.S.A. asserts Ms. Whitewing's injuries, to the extent they are determined to exist, were caused wholly by the actions or omissions of Dr. Horlebein.

Id. at 4. Further, he moved to dismiss under Federal Rule of Civil Procedure 129(b)(6) and (c) for failure to state a claim. In support of his motion, Dr. Horlebein submits pleadings and a decision from a case presently pending in the United States District Court for the District of South Dakota. Filing No. 42, Index of Evidence, Exs. 5-8, pleadings in *Emil Flute and Patricia Flute v. United States,* 4:18-CV-04112-RAL, 2019 WL 3325353 (D.S.D. July 24, 2019).

That case is an action against the United States that involves similar allegations of improper sterilization at the Podiatry Clinic at the Omaha Winnebago Hospital. *See id.*, Ex. 8, Opinion and Order at 1-4; *Flute v. United States,* 4:18-CV-04112-RAL, 2019 WL 3325353 at *1. The case also involves Dr. Horlebein, though he is not named as a party defendant or third-party defendant. *Id.*, Ex. 8, Opinion and Order at 7; *Flute v. United States,* 4:18-CV-04112-RAL, 2019 WL 3325353 at *2. In the *Flute* case, the United States moved to dismiss for lack of subject matter jurisdiction, asserting sovereign immunity. *Id.*, Ex. 8, Opinion and Order at 7; *Flute v. United States,* 4:18-CV-04112-RAL, 2019 WL

3325353 at *2. It argued the plaintiff's injuries therein were caused solely by the negligence of Dr. Horlebein, and submitted evidence to support its contention.[3] *Id.*, Ex. 8, Opinion and Order at 3-4; *Flute,* 4:18-CV-04112-RAL, 2019 WL 3325353 at *2.

Addressing the "the main issue of "whether Dr. Horlebein is a federal employee for purposes of FTCA liability[,]" the South Dakota District Court stated that that Dr. Horlebein was an independent contractor because "he was not subject to any day-to-day control by [the Indian Health Service]." *Id.*, Ex. 8, Opinion and Order at 12-13; *Flute,* 4:18-CV-04112-RAL, 2019 WL 3325353 at *5-*6. It therefore found that "this Court lacks subject-matter jurisdiction under the FTCA over actions outlined in the complaint attributable to Dr. Horlebein." *Id.* at *6. Noting, however, that the plaintiff therein had brought his claim against the "'Winnebago Indian Health Services and All [sic] of its employees and supervisors who are in charge of properly sanitizing the hospital instruments[,]" the court found a question of fact remained on whose responsibility it was to sanitize the instrument in question. *Id.* at *7. The court stated,

> Dr. Horlebein was not working in isolation from IHS employees. Someone other than himself may have been responsible or *shared responsibility for properly sanitizing the podiatry instrument.* Perhaps this instrument was of the type that was to be disposed of after each patient and IHS supplied a new instrument between patients, making IHS responsible for sanitation. Perhaps Dr. Horlebein was using the same podiatry instrument on all the patients without disposing it or obtaining a new instrument, in which case he might be the only one responsible for its sanitation.

Filing No. 42, Ex. 8, Opinion and Order at 15; *Flute,* 4:18-CV-04112-RAL, 2019 WL 3325353 at *8 (emphasis added). The Court granted the parties therein time to conduct

---

[3] That evidence included declarations from a contracting officer and clinical director, various documents with information about the contract for podiatry services between the government and a staffing service, medical staff rules and regulations, and medical records of the plaintiff therein. Filing No. 42, Index of Evid., Ex. 8 at 4; *Flute,* 4:18-CV-04112-RAL, 2019 WL 3325353 at *2.

limited jurisdictional discovery on the issue.  *Id.,* Ex. 8, Opinion and Order at 165; *Flute,* 4:18-CV-04112-RAL, 2019 WL 3325353 at *8.  That discovery is presently ongoing.  The Court also noted, if after jurisdictional discovery, the "plaintiff failed to present evidence that someone other than Dr. Horlebein had responsibility for properly sterilizing the podiatry instrument used on [the plaintiff] and improperly sterilized the instrument at the Podiatry Clinic, the case will be dismissed for lack of subject matter jurisdiction."  *Id.*

In response to Dr. Horlebein's motion, the government responds that jurisdiction is based on 28 U.S.C § 1345 and contends it has stated a plausible claim for indemnity or contribution.[4]   The parties appear to agree that Dr. Horlebein is an independent contractor, but the government argues that Dr. Horlebein's status as an independent contractor has no bearing on the indemnity or contribution claim, explaining that the issue is whether Dr. Horlebein's actions were the sole cause or a contributing cause of the plaintiff's injury.

II.    LAW

Jurisdiction is a threshold issue for this Court.  *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-96 (1998); *see also Arbaugh v. Y & H Corp.*, 546 U.S. 500, 507 (2006) ("The objection that a federal court lacks subject-matter jurisdiction . . . may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment.").  The party seeking to invoke federal jurisdiction

---

[4] That statute provides:

> Except as otherwise provided by Act of Congress, the district courts shall have original jurisdiction of all civil actions, suits or proceedings commenced by the United States, or by any agency or officer thereof expressly authorized to sue by Act of Congress.

28 U.S.C.A. § 1345.

carries the burden of proof on that issue.  *See DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 (2006); *V S Ltd. P'ship v. Dep't of Hous. & Urban Dev.*, 235 F.3d 1109, 1112 (8th Cir. 2000).

A complaint can be challenged under Fed. R. Civ. P. 12(b)(1) either "on its face or on the factual truthfulness of its averments." *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993).  "In a facial challenge to jurisdiction, all of the factual allegations concerning jurisdiction are presumed to be true and the motion is successful if the plaintiff fails to allege an element necessary for subject matter jurisdiction." *Id.*  In a factual attack on the jurisdictional allegations of the complaint, however, the court can consider competent evidence such as affidavits, deposition testimony, and the like in order to determine the factual dispute. *Id.*

In order to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the plaintiff's obligation to provide the grounds for his entitlement to relief necessitates that the complaint contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  On the assumption that all the allegations in the complaint are true, the allegations in the complaint must "raise a right to relief above the speculative level." *Id.* at 555-56.  In other words, the complaint must plead "enough facts to state a claim for relief that is plausible on its face." *Id.* at 547.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

6

Under Nebraska law, "[c]ontribution is defined as a sharing of the cost of an injury as opposed to a complete shifting of the cost from one to another, which is indemnification." *United Gen. Title Ins. Co. v. Malone*, 858 N.W.2d 196, 212 (Neb. 2015). "'The prerequisites to a claim for contribution are that the party seeking contribution and the party from whom it is sought share a common liability and that the party seeking contribution has discharged more than his fair share of the common liability.'" *Id.* at 212 (quoting *Estate of Powell v. Montange*, 765 N.W.2d 496, 500 (Neb. 2009)). "A party has a claim for indemnification if it pays a common liability that, as between itself and another party, is altogether the responsibility of the other party." *Id.* at 212-13. Both indemnity and contribution rest on principles of restitution and unjust enrichment. *Id.* at 212.

In suits against the United States under the Federal Tort Claims Act, the government has the right to bring in a third-party defendant that is or may be liable to it for all or part of plaintiff's claim. Charles A. Wright, Arthur R. Miller & Mary K. Kane, 6 Fed. Prac.t& Proc. Civ. § 1450 (3rd ed.) (Wright & Miller); *see United States v. Yellow Cab Co.*, 340 U.S. 543, 551 (1951). The government can enforce its right to contribution from joint tort-feasors in federal court, not only in a separate action but by impleading the joint tort-feasor as a third-party defendant. *Yellow Cab.*, 340 U.S. at 551. If the governing substantive law recognizes a right of contribution, impleader under Rule 14 is a proper procedure by which to seek relief from joint tortfeasors. Wright & Miller § 1448 (noting that the availability of impleader enables the right of contribution to be litigated concurrently with the main claim). Because the question of whether someone is a joint tortfeasor is largely one of fact to be determined by the jury, a motion to dismiss a third-party complaint on the ground that it fails to state a claim normally should be denied and

7

the third-party plaintiff allowed an opportunity to produce evidence as to the nature of the relationship. *Id.; see* 6 Fed. Prac. & Proc. Civ. § 1448 (3d ed.)

The United States is immune from suit unless it consents to be sued. *See Dalehite v. United States*, 346 U.S. 15, 30 (1953). "The FTCA is a limited waiver of that sovereign immunity, under which 'the United States is liable to the same extent as a private party for certain torts of federal employees . . . "in accordance with the law of the place where the act or omission occurred."'" *Edison v. United States*, 822 F.3d 510, 518 (9th Cir. 2016) (quoting *Autery v. United States*, 424 F.3d 944, 956 (9th Cir. 2005) (quoting 28 U.S.C. § 1346(b)(1)). "The FTCA's limited waiver of sovereign immunity explicitly excludes 'any contractor with the United States' from its definition of '[e]mployee of the government,' 28 U.S.C. § 2671; this is known as the independent contractor exception to the FTCA." *Id.* at 517-18. The independent contractor exception, however, has no bearing on the United States' FTCA liability for its own acts or omissions. *Id.* at 518. "'Many cases recognize that it is not a defense, to liability for one's own negligence in connection with an actor whose conduct injured a third party, that the actor was not an agent or an employee,' but rather an independent contractor." *Id.* (quoting Restatement Third of Agency § 7.05 (2006)). Even where an employer has delegated some responsibilities to an independent contractor, the employer may still be held separately and directly liable for its own negligence. *Id.; see Logue v. United States*, 412 U.S. 521, 532–33 (1973).

III.   DISCUSSION

The plaintiff alleges a claim against various unnamed "agents and representatives" of defendant United States. The allegations of the plaintiff's complaint thus implicate joint

tortfeasors.   In its third-party complaint, the government alleges a potential common liability between itself and Dr. Horlebein.  The government, as employer of certain agents or representatives, and Dr. Horlebein, whatever his status, are both potentially liable for the plaintiff's injuries.  The potential liability, if established, will be owed to the plaintiff to compensate for all or part of her damages.  Both the government and Dr. Horlebein are potentially liable to the same person for the same wrong.  In that sense, the government has alleged a potential common liability.

At this stage of the litigation, the parties' agreement as to Dr. Horlebein's independent contractor status does nothing to resolve the issue of who, in fact, was negligent.  Whether the United States has imputed liability for Dr. Horlebein's alleged negligence is a different question than whether there is shared liability between Dr. Horlebein and unnamed government agents or employees.  Resolution of liability requires further factual development.

The Court agrees with the government that the *Flute* case does not mandate a contrary result.  The plaintiff's submission of the *Flute* decision in support of his position is misplaced.  First, the decision of a district court is not binding on this Court.  Also, the *Flute* case is on different footing than the present case.  The government moved to dismiss for lack of jurisdiction in *Flute*, whereas here, it has not.  Dr. Horlebein was not a party to the litigation in *Flute*.  Evidence (most particularly, the contract) was submitted in *Flute* that has not been submitted here.  In *Flute*, the court had an evidentiary basis for findings that this Court is unable to make here.  In this case, the plaintiff has not submitted competent evidence such as affidavits, deposition testimony, and the like, sufficient to raise a factual challenge to subject matter jurisdiction.  On the face of the third-party

complaint, the United States has alleged facts that state a plausible claim for contribution and/or indemnity and has alleged an alternate basis for jurisdiction.  Accordingly, the Court finds Dr. Horlebein's motion to dismiss should be denied.

IT IS ORDERED THAT

1.      Third party defendant John Horlebein, DPM's motion to dismiss (Filing No. 40) is denied.

2.      The plaintiff's motion to stay discovery (Filing No. 45) is denied as moot.


Dated this 18th day of October 2021.

                                        BY THE COURT:

                                        s/ Joseph F. Bataillon____
                                        Senior United States District Judge